# UNITED STATES OF AMERICA
# MERIT SYSTEMS PROTECTION BOARD

CORPS OF ENGINEERS/SOUTH
   PACIFIC DIVISION,
        Appellants,[*]

        v.

DEPARTMENT OF THE ARMY,
        Agency.

DOCKET NUMBER
SF-0752-14-0285-I-1

DATE: April 14, 2016

Janis E. Hulla, Sacramento, California, for Appellants Okuhara, Bastian, Biziewski, Sydow, Payton, Thorne, Wehrmann and Carleton P. Fong.

Remaining appellants, pro se.

Annette B. Kuz, Esquire, San Francisco, California, for the agency.

Jason DeRosa, Esquire, Portland, Oregon, for the agency.

Lawrence N. Minch, Los Angeles, California, for the agency.

## BEFORE

Susan Tsui Grundmann, Chairman
Mark A. Robbins, Member

## ORDER

¶1    The agency's U.S. Army Corps of Engineers petitions for review of an initial decision that reversed the agency's actions furloughing the appellants. The two Board members cannot agree on the disposition of the petition for review. Therefore, the initial decision now becomes the final decision of the Merit

---

[*] The appellants that are included in this consolidation are set forth in Appendix A of this order.

Systems Protection Board in this appeal. Title 5 of the Code of Federal Regulations, section 1200.3(b) (5 C.F.R. § 1200.3(b)). This decision shall not be considered as precedent by the Board in any other case. 5 C.F.R. § 1200.3(d).

¶2 Based on the initial decision, which now becomes the final decision of the Board, the parties' obligations are set out below:

¶3 The agency must cancel the appellants' furloughs effective July 8, 2013. *See Kerr v. National Endowment for the Arts*, 726 F.2d 730 (Fed. Cir. 1984). The agency must complete this action no later than 20 days after the date of this decision.

¶4 The agency must pay the appellants the correct amount of back pay, interest on back pay, and other benefits under the Office of Personnel Management's regulations, no later than 60 calendar days after the date of this decision. The appellants must cooperate in good faith in the agency's efforts to calculate the amount of back pay, interest, and benefits due, and to provide all necessary information the agency requests to help it carry out its obligations. If there is a dispute about the amount of back pay, interest due, and/or other benefits, the agency must pay the appellants the undisputed amount no later than 60 calendar days after the date of this decision.

¶5 The agency must tell the appellants promptly in writing when it believes it has fully carried out its obligations and of the actions it took to carry out its obligations. The appellants, if not notified, should ask the agency about its progress. *See* 5 C.F.R. § 1201.181(b).

¶6 No later than 30 days after the agency tells the appellants that it has fully carried out its obligations, the appellants may file a petition for enforcement with the office that issued the initial decision on this appeal if the appellants believe that the agency did not fully carry out its obligations. The petition should contain specific reasons why the appellants believe that the agency has not fully carried out its obligations, and should include the dates and results of any communications with the agency. 5 C.F.R. § 1201.182(a).

¶7     For agencies whose payroll is administered by either the National Finance Center of the Department of Agriculture (NFC) or the Defense Finance and Accounting Service (DFAS), two lists of the information and documentation necessary to process payments and adjustments resulting from a Board decision are attached.    The agency must timely provide DFAS or NFC with all documentation necessary to process payments and adjustments resulting from the Board's decision in accordance with the attached lists so that payment can be made within the 60-day period set forth above.

**NOTICE TO THE APPELLANTS REGARDING**
**YOUR RIGHTS TO REQUEST**
**ATTORNEY FEES AND COSTS**

You may be entitled to be paid by the agency for your reasonable attorney fees and costs.  To be paid, you must meet the requirements set out at title 5 of the United States Code (5 U.S.C.), sections 7701(g), 1221(g), or 1214(g).  The regulations may be found at 5 C.F.R. § 1201.202.  If you believe you meet these requirements, you must file a motion for attorney fees WITHIN 60 CALENDAR DAYS OF THE DATE OF THIS DECISION.  You must file your attorney fees motion with the office that issued the initial decision on your appeal.

**NOTICE TO APPELLANTS MORROW AND ESPARZA REGARDING**
**YOUR FURTHER REVIEW RIGHTS**

You have the right to request further review of the final decision.

Discrimination Claims:  Administrative Review

You may request review of the final decision on your discrimination claims by the Equal Employment Opportunity Commission (EEOC).  Title 5 of the United States Code, section 7702(b)(1) (5 U.S.C. § 7702(b)(1)).  If you submit your request by regular U.S. mail, the address of the EEOC is:

Office of Federal Operations
Equal Employment Opportunity Commission
P.O. Box 77960
Washington, D.C. 20013

If you submit your request via commercial delivery or by a method requiring a signature, it must be addressed to:

Office of Federal Operations
Equal Employment Opportunity Commission
131 M Street, NE
Suite 5SW12G
Washington, D.C. 20507

You should send your request to EEOC no later than 30 calendar days after your receipt of this order. If you have a representative in this case, and your representative receives this order before you do, then you must file with EEOC no later than 30 calendar days after receipt by your representative. If you choose to file, be very careful to file on time.

Discrimination and Other Claims: Judicial Action

If you do not request EEOC to review this final decision on your discrimination claims, you may file a civil action against the agency on both your discrimination claims and your other claims in an appropriate U.S. district court. *See* 5 U.S.C. § 7703(b)(2). You must file your civil action with the district court no later than 30 calendar days after your receipt of this order. If you have a representative in this case, and your representative receives this order before you do, then you must file with the district court no later than 30 calendar days after receipt by your representative. If you choose to file, be very careful to file on time. If the action involves a claim of discrimination based on race, color, religion, sex, national origin, or a disabling condition, you may be entitled to representation by a court-appointed lawyer and to waiver of any requirement of prepayment of fees, costs, or other security. *See* 42 U.S.C. § 2000e-5(f); 29 U.S.C. § 794a.

**NOTICE TO THE REMAINING APPELLANTS REGARDING
YOUR FURTHER REVIEW RIGHTS**

You have the right to request review of the final decision by the U.S. Court of Appeals for the Federal Circuit.  You must submit your request to the court at the following address:

United States Court of Appeals
for the Federal Circuit
717 Madison Place, N.W.
Washington, DC 20439

The court must receive your request for review no later than 60 calendar days after the date of this order.  *See* 5 U.S.C. § 7703(b)(1)(A) (as rev. eff. Dec. 27, 2012).  If you choose to file, be very careful to file on time.  The court has held that normally it does not have the authority to waive this statutory deadline and that filings that do not comply with the deadline must be dismissed.  *See Pinat v. Office of Personnel Management*, 931 F.2d 1544 (Fed. Cir. 1991).

If you need further information about your right to appeal this decision to court, you should refer to the Federal law that gives you this right.  It is found in title 5 of the United States Code, section 7703 (5 U.S.C. § 7703) (as rev. eff. Dec. 27, 2012).  You may read this law as well as other sections of the United States Code, at our website, http://www.mspb.gov/appeals/uscode/htm.  Additional information is available at the court's website, www.cafc.uscourts.gov.  Of particular relevance is the court's "Guide for Pro Se Petitioners and Appellants," which is contained within the court's Rules of Practice, and Forms 5, 6, and 11.

If you are interested in securing pro bono representation for an appeal to the U.S. Court of Appeals for the Federal Circuit, you may visit our website at http://www.mspb.gov/probono for information regarding pro bono representation for Merit Systems Protection Board appellants before the Federal Circuit.                                                                                                    The

Merit Systems Protection Board neither endorses the services provided by any attorney nor warrants that any attorney will accept representation in a given case.


FOR THE BOARD:                    _____
                                  William D. Spencer
                                  Clerk of the Board

Washington, D.C.

|  | **DFAS CHECKLIST**<br><br>**INFORMATION REQUIRED BY DFAS IN ORDER TO PROCESS PAYMENTS AGREED UPON IN SETTLEMENT CASES OR AS ORDERED BY THE MERIT SYSTEMS PROTECTION BOARD** |
|---|---|

AS CHECKLIST: INFORMATION REQUIRED BY IN ORDER TO PROCESS PAYMENTS AGREED UPON IN SETTLEMENT CASES

## CIVILIAN PERSONNEL OFFICE MUST NOTIFY CIVILIAN PAYROLL OFFICE VIA COMMAND LETTER WITH THE FOLLOWING:

1. Statement if Unemployment Benefits are to be deducted, with dollar amount, address and POC to send.

2. Statement that employee was counseled concerning Health Benefits and TSP and the election forms if necessary.

3. Statement concerning entitlement to overtime, night differential, shift premium, Sunday Premium, etc, with number of hours and dates for each entitlement.

4. If Back Pay Settlement was prior to conversion to DCPS (Defense Civilian Pay System), a statement certifying any lump sum payment with number of hours and amount paid and/or any severance pay that was paid with dollar amount.

5. Statement if interest is payable with beginning date of accrual.

6. Corrected Time and Attendance if applicable.

## ATTACHMENTS TO THE LETTER SHOULD BE AS FOLLOWS:

1. Copy of Settlement Agreement and/or the MSPB Order.

2. Corrected or cancelled SF 50's.

3. Election forms for Health Benefits and/or TSP if applicable.

4. Statement certified to be accurate by the employee which includes:

   a. Outside earnings with copies of W2's or statement from employer.
   b. Statement that employee was ready, willing and able to work during the period.
   c. Statement of erroneous payments employee received such as; lump sum leave, severance pay, VERA/VSIP, retirement annuity payments (if applicable) and if employee withdrew Retirement Funds.

5. If employee was unable to work during any or part of the period involved, certification of the type of leave to be charged and number of hours.



**NATIONAL FINANCE CENTER CHECKLIST FOR BACK PAY CASES**

Below is the information/documentation required by National Finance Center to process payments/adjustments agreed on in Back Pay Cases (settlements, restorations) or as ordered by the Merit Systems Protection Board, EEOC, and courts**.**

1. Initiate and submit AD-343 (Payroll/Action Request) with clear and concise information describing what to do in accordance with decision.

2. The following information must be included on AD-343 for Restoration:

    a. Employee name and social security number.
    b. Detailed explanation of request.
    c. Valid agency accounting.
    d. Authorized signature (Table 63)
    e. If interest is to be included.
    f. Check mailing address.
    g. Indicate if case is prior to conversion. Computations must be attached.
    h. Indicate the amount of Severance and Lump Sum Annual Leave Payment to be collected. (if applicable)

Attachments to AD-343

1. Provide pay entitlement to include Overtime, Night Differential, Shift Premium, Sunday Premium, etc. with number of hours and dates for each entitlement. (if applicable)

2. Copies of SF-50's (Personnel Actions) or list of salary adjustments/changes and amounts.

3. Outside earnings documentation statement from agency.

4. If employee received retirement annuity or unemployment, provide amount and address to return monies.

5. Provide forms for FEGLI, FEHBA, or TSP deductions. (if applicable)

6. If employee was unable to work during any or part of the period involved, certification of the type of leave to be charged and number of hours.

7. If employee retires at end of Restoration Period, provide hours of Lump Sum Annual Leave to be paid.

NOTE: If prior to conversion, agency must attach Computation Worksheet by Pay Period and required data in 1-7 above.

The following information must be included on AD-343 for Settlement Cases: (Lump Sum Payment, Correction to Promotion, Wage Grade Increase, FLSA, etc.)

    a. Must provide same data as in 2, a-g above.
    b. Prior to conversion computation must be provided.
    c. Lump Sum amount of Settlement, and if taxable or non-taxable.

If you have any questions or require clarification on the above, please contact NFC's Payroll/Personnel Operations at 504-255-4630.

APPENDIX A

CORPS OF ENGINEERS/SOUTH PACIFIC DIVISION
SF-0752-14-0285-I-1

| | |
|---|---|
| Anna E. Lopez | SF-0752-13-2147-I-1 |
| Betty J. Melendrez | SF-0752-13-4486-I-1 |
| Beverly A. Patterson | SF-0752-13-4346-I-1 |
| Bruce A. Petrie | SF-0752-13-1254-I-1 |
| Carleton P. Fong | SF-0752-13-0852-I-1 |
| Deborah M. Biziewski | SF-0752-13-1188-I-1 |
| Debra A. Flores | SF-0752-13-2082-I-1 |
| Destani M. Hobbs | SF-0752-13-1168-I-1 |
| Frederick A. Martin | SF-0752-13-2621-I-1 |
| Hyland B. Morrow | SF-0752-13-3961-I-1 |
| Janet A. Lynch | SF-0752-13-2627-I-1 |
| Janis E. Hulla | SF-0752-13-1814-I-1 |
| John Esparza | SF-0752-13-0712-I-1 |
| Judy Y. Fong | SF-0752-13-1096-I-1 |
| Kataneh Shojaie | SF-0752-13-4386-I-1 |
| Kathryn R. Comeau | SF-0752-13-2221-I-1 |
| Keiko K. Wilson | SF-0752-13-1797-I-1 |
| Linda M. Reyes | SF-0752-13-3971-I-1 |
| Marc Sydow | SF-0752-13-1781-I-1 |
| May Okuhara | SF-0752-13-0832-I-1 |
| Pamela A. Wehrmann | SF-0752-13-2403-I-1 |
| R. Curtis Payton | SF-0752-13-2141-I-1 |
| Remona R. Aden | SF-0752-13-4631-I-1 |
| Rene McGaugh | SF-0752-13-2197-I-1 |

| | |
|---|---|
| Robert Bastian | SF-0752-13-1081-I-1 |
| Robert L. Caputo | SF-0752-13-4563-I-1 |
| Robert W. Colangelo | SF-0752-13-1807-I-1 |
| Russell K. Thorne | SF-0752-13-2219-I-1 |
| Theresa A. Gneiting-James | SF-0752-13-4792-I-1 |
| Theresa M. Kaplan | SF-0752-13-1732-I-1 |
| Thomas J. Field | SF-0752-13-4341-I-1 |